**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

JEANETTE A. SPOOR,

    Plaintiff,

v.                                         Case No: 8:15-cv-2279-T-30TBM

NAZIR HAMOUI, GULF COAST
COLLECTION BUREAU, INC. and U.S.
ONCOLOGY CORPORATE, INC.,

    Defendants.

## ORDER

THIS CAUSE comes before the Court upon Plaintiff's Motion for Partial Summary Judgment (Dkt. 46), Defendant Nazir Hamoui's Response to Plaintiff's Motion for Partial Summary Judgment (Dkt. 54), and Defendant Nazir Hamoui's Renewed Motion to Withdraw Facts Deemed Admitted Pursuant to Rule 36(b) (Dkt. 57). Upon review of the filings, the Court grants Defendant's Motion to Withdraw and denies Plaintiff's Motion for Partial Summary Judgment.

### BACKGROUND

On July 16, 2015, Plaintiff Jeanette Spoor filed a complaint in state court, alleging that several defendants violated provisions of the Fair Debt Collection Practices Act ("FDCPA") and Florida Consumer Collection Practices Act ("FCCPA"). The case was removed to federal court on September 30, 2015 (Dkt. 1).

Plaintiff served discovery requests on the defendants on March 24, 2016. In the case of Defendant Nazir Hamoui (hereafter "Defendant"), the discovery request was twenty pages long and included interrogatories, requests for production, and requests for admission. Defendant responded to the interrogatories and requests for production on June 23, 2016. Defendant failed to respond to the requests for admission, which consisted of five questions on the nineteenth page of the discovery request.

On November 8, 2016, Plaintiff filed a motion for partial summary judgment (Dkt. 46) against Defendant on one of her claims (i.e., a claim that Defendant violated Florida Statute section 559.72, subsections (9) and (18)). Plaintiff argues that because Defendant failed to answer the requests for admission, all elements of this claim are deemed admitted, and therefore Plaintiff is entitled to judgment as a matter of law.

On December 13, 2016, Defendant filed his response to Plaintiff's motion (Dkt. 54), as well as an affidavit by Defendant (Dkt. 54-1), a motion for leave to withdraw the deemed admissions (Dkt. 53), and proffered responses to the five requests for admission (Dkt. 53-1). The Court denied Defendant's motion for leave to withdraw without prejudice because Defendant failed to comply with Local Rule 3.01(g) (Dkt. 55). Defendant then filed a second motion for leave to withdraw (Dkt. 57) on December 16, 2016. Plaintiff did not file a response to either of Defendant's motions.

**DISCUSSION**

I. **Withdrawal or Amendment of Admissions**

   A. Legal Standard

The Federal Rules of Civil Procedure allow a party to serve another party with a written request to admit the truth of relevant matters. Fed. R. Civ. P. § 36(a)(1). If the other party does not respond within thirty days of service of the request, or within the time period stipulated to by the parties or ordered by the court, the matters are deemed admitted. Fed. R. Civ. P. § 36(a)(3). The matter is conclusively established unless the court, upon motion by a party, allows the party to withdraw or amend the admissions. Fed. R. Civ. P. § 36(b).

The court may allow the party to withdraw or amend the admissions "if it would promote the presentation of the merits of the action and if the court is not persuaded that it would prejudice the requesting party in maintaining or defending the action on the merits." *Id*. Thus, the court should apply a two-part test to decide whether to grant or deny a motion to withdraw or amend admissions. *Perez v. Miami-Dade County*, 297 F.3d 1255, 1264 (11th Cir. 2002) (citing *Smith v. First Nat'l Bank*, 837 F.2d 1575, 1577 (11th Cir. 1988)). The court must first consider whether the withdrawal or amendment will subserve the presentation of the merits. *Id*. It must then determine whether the withdrawal or amendment will prejudice the party who obtained the admission in presenting its case. *Id*.

   B. Analysis

The Court concludes that both prongs of this test are met. Withdrawal of the deemed admissions will subserve, or promote, the parties' presentation of the merits of the case. Here, the deemed admissions establish elements of Plaintiff's claim that Defendant

violated Florida Statute section 559.72, subsections (9) and (18), by attempting to enforce a debt that he knew was not legitimate and communicating with a debtor that he knew was represented by an attorney. The deemed admissions establish (1) that Defendant received notice of Plaintiff's bankruptcy in January 2015 and subsequently (2) sent letters to Plaintiff requesting payment of a debt incurred in 2014 and (3) referred the debt to a collection agency. As indicated by Defendant's affidavit and proffered responses to the requests for admission, he disputes that he received notice of Plaintiff's bankruptcy in January 2015, that he sent the letters to Plaintiff, and that he referred the debt to a collection agency after he had knowledge of Plaintiff's bankruptcy. Whereas deeming these admissions will "effectively end[] the litigation" of this claim, withdrawal of the deemed admissions will "aid[] in the ascertainment of the truth and the development of the merits." *Perez*, 297 F.3d at 1266 (11th Cir. 2002) (internal quotations omitted).

Withdrawal or amendment of the deemed admissions will not prejudice Plaintiff in presenting her case. The contemplated prejudice relates to the difficulty the party may face proving its case (e.g., caused by the unavailability of key witnesses because of the sudden need to obtain evidence with respect to questions previously answered by the admissions). *Smith*, 837 F.2d at 1578 (quoting *Brook Village N. Assoc. v. Gen. Elec. Co.*, 686 F.2d 66, 70 (1st Cir. 1982)). There is no such prejudice in this case for several reasons. First, Plaintiff had notice that Defendant was disputing the matters deemed admitted—both from Defendant's answer and his responses to the interrogatories. In Defendant's June 2016 responses to the interrogatories, Defendant noted that he first learned that Plaintiff filed for bankruptcy on April 22, 2015, that he referred Plaintiff's debt to a collection agency before

April 22, 2015, and that his previous employer (i.e., U.S. Oncology) sent the collection letters to Plaintiff without his knowledge. Second, Plaintiff should not be blindsided by the need to conduct discovery regarding U.S. Oncology's involvement in attempting to enforce Plaintiff's debt, given that Plaintiff listed U.S. Oncology as a co-defendant in this case. Third, Plaintiff has sufficient time to conduct any additional discovery necessary because the parties' discovery deadline is not until March 31, 2017.[1]

For the above reasons, the Court will allow Defendant to withdraw the five deemed admissions and amend them as stated in his proffered responses (Dkt. 57-1).

## II.     Summary Judgment

Motions for summary judgment should be granted only when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, show there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The Court may not decide a genuine factual dispute at the summary judgment stage. *Fernandez v. Bankers Nat'l Life Ins. Co.*, 906 F.2d 559, 564 (11th Cir. 1990). "[I]f factual issues are present, the Court must deny the motion and proceed to trial." *Warrior Tombigbee Transp. Co. v. M/V Nan Fung*, 695 F.2d 1294, 1296 (11th Cir. 1983).

Plaintiff argues that she is entitled to summary judgment on her claim that Defendant violated Florida Statute section 559.72, subsections (9) and (18), because

---

[1] Indeed, Plaintiff and Defendant have already scheduled depositions of Defendant and his office manager despite the deemed admissions.

Defendant's deemed admissions establish that Defendant received notice of Plaintiff's bankruptcy in January 2015 but subsequently sent Plaintiff collections letters and referred her debt to a collection agency. Plaintiff's argument relies exclusively on the deemed admissions. Because the Court has permitted Defendant to withdraw and amend those admissions, Plaintiff's motion will be denied.[2]

It is therefore ORDERED AND ADJUDGED that:

1. Defendant's Renewed Motion to Withdraw Facts Deemed Admitted Pursuant to Rule 36(b) (Dkt. 57) is GRANTED.

2. Plaintiff's Motion for Partial Summary Judgment (Dkt. 46) is DENIED.

**DONE** and **ORDERED** in Tampa, Florida, on January 9, 2017.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record

---

[2] Moreover, even if the Court had not permitted Defendant to withdraw the deemed admissions, the Court is not convinced that there is no genuine issue of material fact relating to Defendant's liability under Florida Statute section 559.72, subsections (9) and (18). As noted above, Defendant disputed core elements of Plaintiff's claim in both his June 2016 responses to Plaintiff's interrogatories and his December 2016 affidavit.